UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY LEE KROFT,

    Plaintiff,

v.                            Case No: 2:24-cv-258-JES-NPM

ONEAL, Correctional Officer,
in his individual capacity,

    Defendant.
_____/

## ORDER OF DISMISSAL

Plaintiff Jimmy Lee Kroft, an inmate of the Florida Department of Corrections (FDOC), brings this pro se 42 U.S.C. § 1983 action against Defendant Officer O'Neal, a correctional officer at Charlotte Correctional Institution. (Doc. 1, filed March 21, 2024). Kroft asserts that Defendant O'Neal interfered with his right to mail legal documents and struck him in the ribs after he (Kroft) declared a psychological emergency. (Id. at 3). He asserts that this caused a fractured rib as well as mental and emotional damages. (Id.) The complaint is before the Court for initial screening.[1]

---

[1] The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint—or any portion thereof—that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or

Upon review, the Court concludes that Kroft's complaint must be dismissed as filed after the expiration of Florida's four-year statute of limitations applicable to 42 U.S.C. § 1983 actions.

## Complaint

Kroft alleges that, on December 21, 2019, he was released by "rec field officers" to "mail out his private legal mail." (Doc. 1 at 2.) After retrieving his mail from his dormitory and exiting the dorm, Defendant O'Neal told him to return to his dormitory. (Id.) Kroft attempted to explain that he had been released to send his mail, but Defendant O'Neal told him to return to his dorm. (Id. at 3). Even after another officer informed Defendant O'Neal that Kroft had been released, Defendant O'Neal told Kroft to return to his dorm. (Id.) Kroft then declared a psychological emergency because Defendant O'Neal was "getting physically threatening." (Id.) Defendant O'Neal slammed Kroft against a door, applied cuffs and struck Kroft in the ribs, saying "Fuck your legal mail, now you're going to see the psych." (Id.) Kroft was denied access to legal mail, escorted to mental health and placed into the "S.H.O.S." (Id.) Kroft states that he suffered a fractured rib as well as mental and emotional damages from the incident and

---

that states no claim upon which relief can be granted. 28 U.S.C. § 195(b)(1), (2). The Court may sua sponte dismiss a prisoner's complaint prior to service. See 28 U.S.C. § 1915A(a).

brings claims under the Fourteenth and Eighth Amendments. (Id. at 3-4.) However, as explained below, the complaint is barred by a four-year statute of limitations for 42 U.S.C. § 1983 actions.

## Discussion

Constitutional claims under § 1983 are tort actions subject to the statute of limitations for personal injury actions in the state where the action is filed, which in Florida is four years. See City of Hialeah v. Rojas, 311 F.3d 1096, 1103 n. 2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). Dismissal of a prisoner's complaint as time-barred is appropriate when it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.' " Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1280 (11th Cir. 2001)).

Generally, the statute of limitations begins to run when "facts which would support a cause of action [were] apparent or should [have been] apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (internal quotations and citation omitted). Kroft alleges that the incident with Defendant O'Neal occurred on December 21, 2019, which was more than four years before Kroft

3

filed this complaint on March 21, 2024. Kroft would have known of the attack on the day it occurred, and he does not offer any facts to support tolling the statute of limitations. Accordingly, this claim is barred by the four-year statute of limitations that expired on December 21, 2023. See Burt v. Martin, 193 F. App'x 829 (11th Cir. 2006) (affirming dismissal of prisoner complaint under 28 U.S.C. § 1915A because the inmate learned of his alleged injury at the time of the Eighth Amendment violation, and his complaint was filed more than five years later).

Because Kroft offers no facts that would avoid a statute of limitations bar, this case must be dismissed as frivolous under 28 U.S.C. § 1915A(b)(1). Smith v. Shorstein, 217 F. App'x 877, 880 (11th Cir. 2007) (explaining that the "expiration of the statute of limitations warrants dismissing a complaint as frivolous"); Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Accordingly, it is now **ORDERED**:

1. Kroft's complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1) as time-barred.

2. The **Clerk of the Court** is directed to terminate all pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on May 13th, 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to: Jimmy Lee Kroft

5